In the Matter of Merlin Wendell
OWEN, Debtor.

Louis W. OWEN, by his Guardian ad Litem, Vaughn S. Conway, and Florence
Owen, his wife, Plaintiffs,

v.

Merlin Wendell OWEN and Mary Owen,
his wife, Defendants.

Adv. No. 81–0171.

United States Bankruptcy Court,
W. D. Wisconsin.

Jan. 28, 1982.

John Sundquist, Milwaukee, Wis., and Vaughn S. Conway of Conway Law Offices, S.C., Baraboo, Wis., for Louis W. Owen, Florence Owen and Vaughn S. Conway.

Jerry J. Armstrong, Madison, Wis., for trustee.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

ROBERT D. MARTIN, Bankruptcy Judge.

This matter came on for trial on the 20th day of January, 1982, the Honorable Robert D. Martin, U. S. Bankruptcy Judge, presiding. Plaintiff, Louis W. Owen, appeared by his attorneys, Vaughn S. Conway and John Sundquist. Plaintiff, Florence Owen, appeared personally and by her above-named attorneys. The Guardian ad Litem, Vaughn S. Conway, appeared in person. The trustee, Jerry Armstrong, appeared personally. Defendant, Mary Owen, did not appear either personally or by an attorney. Evidence was adduced by the plaintiffs, such evidence not having been contested by the defendants. The court now being fully advised in the premises, makes and adopts the following Findings of Fact:

## FINDINGS OF FACT

1. Plaintiffs, Louis W. Owen and Florence Owen, are adult individuals residing at RFD 3, Portage, County of Columbia, Wisconsin.

2. Vaughn S. Conway is the duly appointed Guardian ad Litem for the plaintiff, Louis W. Owen.

3. Defendant, Merlin Owen, is an adult individual residing at Route 1, Cambria, Columbia County, Wisconsin, and is by occupation a farmer and laborer.

4. Defendant, Mary Owen, is an adult individual residing at Route 2, Tomah, Monroe County, Wisconsin, and is by occupation a counselor.

5. At all material times prior to March 28, 1967, plaintiffs were owners and in possession of farmland situated in Columbia County, Wisconsin, and specifically described in paragraph 4 of the amended complaint on file herein.

6. On and prior to March 28, 1967, and for a considerable time prior thereto, and thereafter, plaintiff, Louis W. Owen, was not of sufficient mental capacity to attend to ordinary business transactions, or to protect and preserve his property, and was then unacquainted with business affairs, and inexperienced in business matters and was in a condition to be easily imposed upon and unduly influenced and his property taken from him without proper and adequate consideration.

7. At all material times, defendants had full knowledge of the plaintiff, Louis W. Owen's, mental condition and that he was then unfit to transact business and could easily be imposed upon and his property obtained without adequate consideration therefor.

8. At all material times, the wife of said plaintiff, Louis W. Owen, Florence Owen, was a person unsophisticated and unschooled in business matters, unacquainted with business affairs, and dependent upon her husband, Louis W. Owen, for financial and business guidance, and in a position to be unduly influenced and have her property taken from her without proper or adequate consideration if advised as to its propriety by a person upon whom she and her husband relied as a fiduciary, an advisor in matters financial, or one otherwise in a position from which one would expect trustworthy advice herein.

9. Defendant, Merlin Owen, was at all material times a farmer and man of experience in business matters, of strong and vigorous mind, and moreover, brother to plaintiff, Louis W. Owen, and brother-in-law to plaintiff, Florence Owen, and had gained the confidence of the plaintiffs, who as a practice had for some time previous relied on the counsel, advice and direction of defendant, Merlin Owen; further, defendant Mary Owen, was a person of reasonable intelligence and aware of all material facts found herein.

10. The defendants, taking advantage of the mental condition of the plaintiff, Louis W. Owen, and the lack of business experience of both plaintiffs, and the defendant, Merlin Owen, for the purpose of obtaining from the plaintiffs the title to their property as aforesaid, solicited the plaintiffs to sell him the said property and with the intent aforesaid, on or about March 28, 1967, and June 5, 1968, in two separate conveyances, represented to the plaintiffs for the purpose of inducing them to sell the said property to the said defendants that the said property was of a value not exceeding $25,000.

11. At the time of said purported conveyances, said property was of value in excess of $102,000.

12. The plaintiffs, relying upon the said representations made by the defendants, were induced thereby to transfer to said defendants and sell to them, the said land and did, on March 28, 1967, and June 5, 1968, execute and deliver to the defendants, the deed of warranty of the described real estate, which deeds were recorded, respectively, in the office of the Register of Deeds for Columbia County, Wisconsin, in Volume 39 of Deeds, on pages 174, 175 and 176 and in Volume 55 of Deeds, on page 93.

13. The homestead claimed by defendant, Merlin Owen, in the instant bankruptcy proceedings is not part of said property nor affected by this action.

14. Plaintiffs received the total sum of $24,275.25 in consideration for the purported conveyances.

15. Defendant, Mary Owen, in a divorce action in the Circuit Court for Monroe County, Wisconsin, entitled Mary Owen v. Merlin Owen, wherein findings of fact, conclusions of law and judgment were entered on May 18, 1978, has neither disclosed nor made any claim of any interest in said property.

16. Defendant, Mary Owen, although having had notice of these proceedings and this trial, has failed to appear.

17. Plaintiffs have waived any claims for damages against the defendants or either of them.

18. Plaintiffs caused a lis pendens describing said property to be filed with the office of the Register of Deeds for Columbia County, Wisconsin, on September 30, 1971, at 8:00 a. m., in Volume 8, on page 479.

19. The above Findings of Fact are not contested by defendants or by the trustee.

## CONCLUSIONS OF LAW

Whereupon, the court concludes as a matter of law:

1. That plaintiffs' alleged conveyances of March 28, 1967, and June 5, 1968, of the property described in paragraph 4 of the amended complaint and in the lis pendens filed with the office of the Register of Deeds for Columbia County, Wisconsin, in Volume 8, on page 479, were the results of the defendants' fraud and undue influence.

2. That the above-described conveyances from the plaintiffs to the defendants are null, void and of no effect.

3. That judgment should be entered herein:

a. rescinding the above-described conveyances and declaring such conveyances to be null, void and of no effect;

b. adjudging title in said property to be in plaintiffs pursuant to the first demand of their amended complaint;

c. dismissing the second, third and fourth demands of the amended complaint;

d. that the trustee shall not warrant or guarantee the plaintiffs as to the properties described in said warranty deed dated March 28, 1967, against any judgments, taxes or any other liens or encumbrances, or any condition or status of the titles thereto, and shall not agree to indemnify the plaintiffs against any contingency whatsoever;

e. that plaintiffs shall return to the trustee, for the benefit of the estate, the purchase price of $24,275.25, as soon as practicable, and in any event, no later than sixty days after entry of judgment herein, or at such further time as may be agreed to by the trustee; and

f. defendant, Mary Owen, has no pecuniary interest in funds paid to the trustee hereunder.